UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 21-cv-22010

MELINA MACHIN,

    Plaintiff,

vs.

AUTOVEST FINANCIAL SERVICES, LLC,
AUTOMOTIVE CREDIT CORPORATION, and
MICHAEL ANDREWS & ASSOCIATES, LLC,

    Defendants.
_____/

COMPLAINT
JURY DEMAND

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55, et seq. ("FCCPA").

JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Defendant filed suit against Plaintiff here, and Defendant does business in this District.

3. Plaintiff, MELINA MACHIN ("Machin"), is a natural person who resides in Miami-Dade County, Florida.

4. Defendant, AUTOVEST FINANCIAL SERVICES, LLC ("Autovest"), is a foreign limited liability company with its principal place of business at 26261 Evergreen Rd., Suite 390, Southfield, MI 48076.

5. It is registered to do business in Florida.

6. Autovest regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Autovest sent communications to Plaintiff in Miami-Dade County Florida.

8. It is a "debt collector" as defined in the FDCPA and FCCPA.

9. AUTOMOTIVE CREDIT CORPORATION ("ACC"), is a foreign corporation with its principal place of business at 26261 Evergreen Rd., Suite 300, Southfield, MI 48076.

10. It is registered to do business in Florida.

11. ACC lends money to consumers for the purchase of automobiles.

12. It is a "creditor" as defined in the FCCPA.

13. Defendant, MICHAEL ANDREWS & ASSOCIATES, LLC, ("MA&A") is a foreign limited liability company with its principal place of business at 26261 Evergreen Rd., Suite 350, Southfield, MI 48076.

14. MA&A regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

15. MA&A sent communications to Plaintiff in Miami-Dade County Florida.

16. MA&A is registered as a consumer collection agency in Florida.

17. It is a "debt collector" as defined in the FDCPA and FCCPA.

## FACTUAL ALLEGATIONS

18. Defendants sought to collect from Plaintiff an alleged consumer debt arising from transactions incurred for personal, family, or household purposes.

19. Plaintiff purchased a 2012 Hyundai Sonata and financed the vehicle through ACC "the loan").

20. Upon information and belief, after Plaintiff defaulted on the loan, ACC repossessed the vehicle and sold it at auction, which resulted in Plaintiff allegedly owing a deficiency balance ("the debt").

21. Subsequent to the sale of the vehicle, Autovest was assigned the debt.

22. Autovest, on or about July 15, 2020, sent a Demand Letter to Plaintiff. The letter listed a balance of $5858.09. The letter stated that the owner of the debt was Autovest. A copy of the Demand Letter is attached as Exhibit "A."

23. Plaintiff, within thirty (30) days of receipt of Autovest's dunning letter, sent a written dispute to Autovest. The dispute letter was sent by Plaintiff's legal counsel. A copy of the dispute letter is attached as Exhibit "B."

24. Attorney Lucoff continues to represent Plaintiff.

25. ACC was aware that Joel D. Lucoff represented and continued to represent the Plaintiff. Defendant was aware that by sending communications directly to Plaintiff, it violated the FCCPA.

26. At no time did Defendant attempt to contact attorney Joel D. Lucoff.

27. Plaintiff did not consent to direct communication with ACC.

28. Plaintiff did not initiate any communication with ACC.

29. On or about December 7, 2020, Autovest sent a Verification of Debt to Plaintiff through her legal counsel. The Verification of Debt stated that the owner of the debt was Autovest and the balance was $5858.09. A copy of the Verification of Debt is attached as Exhibit "C."

30. Autovest was aware that Plaintiff was represented by legal counsel for the debt. *See* Exhibit "B."

31. On March 15, 2021, Autovest sued Machin in state court in Miami-Dade County,

Florida. In the state court action, Autovest alleged that it was the "legal and equitable owner of the debt" and sought damages of $4936.10. A copy of the state court complaint is attached as Exhibit "D."

32. Autovest has been represented by the law firm of Andreu, Palma, Lavin & Solis, PLLC ("Andreu") since at least July 15, 2020. *See* Exhibits "A" and "C."

33. The state court lawsuit was filed by Andreu on behalf of Autovest. *See* Exhibit "D."

34. On April 12, 2021, MA&A contacted Plaintiff directly via telephone in an attempt to collect the debt. During the phone call, MA&A's representative advised Plaintiff that the debt was owed to ACC.

## COUNT I – MISREPRESENTATION OF DEBT AGAINST AUTOVEST

35. Plaintiff incorporates paragraphs 1 through 8, 18 through 23, and 29 through 33.

36. Autovest claimed that Plaintiff owed $5858.09 in its Demand Letter in violation of 15 U.S.C. §1692e(2)(a). *See* Exhibit "A."

37. Autovest later filed suit against Plaintiff seeking $4936.10 in damages.

38. No payments were made by or on behalf of the Plaintiff since July 15, 2020.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Autovest for:

    a. Actual damages, including attorney's fees incurred during the state court action;

    b. Statutory damages pursuant to 15 U.S.C. §1692k;

    c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    d. Such other and further relief as the Court deems just and proper.

## COUNT II – MISREPRESENTATION OF DEBT AGAINST AUTOVEST

39. Plaintiff incorporates paragraphs 1 through 8, 18 through 23, and 29 through 33.

40. Autovest claimed that Plaintiff owed $5858.09 in its Demand Letter in violation of Fla. Stat. §559.72(9). *See* Exhibit "A."

41. Autovest later filed suit against Plaintiff seeking $4936.10 in damages.

42. No payments were made by or on behalf of the Plaintiff since July 15, 2020.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Autovest for:

    a. Actual damages, including attorney's fees incurred during the state court action;

    b. Statutory damages pursuant to Fla. Stat. §559.77;

    c. Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77; and

    d. Such other and further relief as the Court deems just and proper.

## COUNT III – MISREPRESENTATION OF DEBT AGAINST AUTOVEST

43. Plaintiff incorporates paragraphs 1 through 8, 18 through 23, and 29 through 33.

44. Autovest claimed that Plaintiff owed $5858.09 in its Verification of Debt in violation of 15 U.S.C. §1692e(2)(a). *See* Exhibit "C."

45. Autovest later filed suit against Plaintiff seeking $4936.10 in damages.

46. No payments were made by or on behalf of the Plaintiff since July 15, 2020.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Autovest for:

    a. Actual damages, including attorney's fees incurred during the state court action;

    b. Statutory damages pursuant to 15 U.S.C. §1692k;

    c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

      d.      Such other and further relief as the Court deems just and proper.

## COUNT IV – MISREPRESENTATION OF DEBT AGAINST AUTOVEST

47.      Plaintiff incorporates paragraphs 1 through 8, 18 through 23, and 29 through 33.

48.      Autovest claimed that Plaintiff owed $5858.09 in its Verification of Debt in violation of Fla. Stat. §559.72(9). *See* Exhibit "C."

49.      Autovest later filed suit against Plaintiff seeking $4936.10 in damages.

50.      No payments were made by or on behalf of the Plaintiff since July 15, 2020.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Autovest for:

      a.      Actual damages, including attorney's fees incurred during the state court action;

      b.      Statutory damages pursuant to Fla. Stat. §559.77(2);

      c.      Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2); and

      d.      Such other and further relief as the Court deems just and proper.

## COUNT V – CONTACTING CONSUMER REPRESENTED BY COUNSEL AGAINST MA&A

51.      Plaintiff incorporates paragraphs 1 through 3, 15 through 30, and 34.

52.      MA&A communicated directly with Plaintiff when MA&A knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against MA&A for:

      a.      Actual damages, including attorney's fees incurred during the state court action;

  b.  Statutory damages pursuant to 15 U.S.C. §1692k;

  c.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

  d.  Such other and further relief as the Court deems just and proper.

COUNT VI – CONTACTING CONSUMER<br>REPRESENTED BY COUNSEL AGAINST MA&A

54. Plaintiff incorporates paragraphs 1 through 3, 15 through 30, and 34.

55. MA&A communicated directly with Plaintiff when MA&A knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72(18).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against MA&A for:

  a.  Actual damages, including attorney's fees incurred during the state court action;

  b.  Statutory damages pursuant to Fla. Stat. §559.77(2);

  c.  Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2); and

  d.  Such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands trial by jury.

                 Debt Shield Law
                 Attorney for Plaintiff
                 3440 Hollywood Blvd., Suite 415
                 Hollywood, FL 33021
                 Tel: 754-800-5299
                 Service@debtshieldlaw.com
                 joel@debtshieldlaw.com


                 */s/ Joel D. Lucoff*
                 Joel D. Lucoff
                 Fla. Bar No. 192163